IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLARICE PRANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05 C 2194 |
| | ) | |
| BORDERS, INC., | ) | Judge Robert W. Gettleman |
| a corporation, | ) | |
| | ) | Magistrate Judge Nolan |
| Defendant. | ) | |

### MOTION FOR APPLICATION OF ADDITIONAL DAMAGES UNDER ILLINOIS MINIMUM WAGE ACT TO JURY'S AWARD <u>OF UNPAID OVERTIME</u>

PLAINTIFF, by one of her attorneys, JAC A. COTIGUALA, respectfully requests this honorable Court to award 2% per month on the jury's unpaid overtime award of $80,752.47 from January 13, 2007 (the day after the jury award) to the date of a final Judgment Order on Count I of the Complaint and reserve jurisdiction to award more, if that becomes necessary, from the date after the time period of the 2% award to the date the $80,752.47 unpaid overtime award is paid.

In support thereof, Plaintiff states as follows:

1. The award of statutory damages on any jury verdict was expressly reserved by the parties to be decided by the Court if and when such an award became available. *See* Docket Document 99 filed 12/29/06 paragraphs 6 and 7.

2. As previously noted by plaintiff in briefs to this Court in the case at bar and by this Court in its September 11, 2006 Order, footnote 1, Illinois amended the Illinois Minimum Wage Act (IMWA), 820 ILCS 105/12, regarding the 2% per month

damage effective July 14, 2006. The Court noted that the revised statute does not provide for retroactive application and the Court sees no reason to give such application.

3. The 2% damages under the IMWA are applied beginning the day after the verdict, which is prospective application of the July 14, 2006 amended provision.

4. Plaintiff requests that she be awarded the 2% per month on the $80,752.47 jury award on the unpaid overtime from the day after the verdict, as the jury determined that she had worked 4,170 unpaid hours of overtime which was valued at $80,752.47.

5. The Court can only award the 2% per month for the time period it knows the underpayment remained unpaid. Therefore, unless defendant pays the $80,752.47 underpayment before a final order on this matter is issued, the Court should retain jurisdiction to award the 2% per month for the time period after the final order through the date the underpayment is made if that becomes necessary.

6. The 2% per month under the Illinois statute does not duplicate the liquidated damages under the federal statute for *inter alia* the following reasons:

    A. The time period for application of the liquidated damages is up to the day of the verdict and not thereafter whereas the 2% is for the period thereafter.
    B. The state and federal remedies are different and are designed for different purposes. The liquidated is to eliminate the need for further proofs on specific losses caused by the failure to pay the wages when due whereas the 2% encourages the employer to pay the unpaid wages sooner rather than later, thereby saving the employer 2% per month by complying with the law.

7. Clearly in the case at bar, defendant's recalcitrant behavior regarding the unpaid overtime displays the precise reason for application of the 2% per month.

        Respectfully submitted,

        CLARICE PRANGE

        s/Jac A. Cotiguala
        One of Plaintiff's Attorneys

May 1, 2007

Jac A. Cotiguala
Jac A. Cotiguala & Associates
431 South Dearborn Street, Suite 606
Chicago, Illinois 60605
Telephone: (312) 939 – 2100

Joel M. Hellman
155 N. Michigan Ave.
Suite 535
Chicago, Illinois 60601
Telephone: (312) 616-3436